[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10096
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:09-cv-00920-JHH

TOMORROW HUDSON,

Plaintiff-Appellant,

versus

BLUE CROSS BLUE SHIELD OF ALABAMA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 22, 2011)

Before TJOFLAT, CARNES and BLACK, Circuit Judges.

PER CURIAM:

Tomorrow Hudson, an African-American female, appeals the district court's grant of defendant Blue Cross Blue Shield of Alabama's (Blue Cross's) motion for summary judgment as to her complaint alleging retaliation, raised pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). Hudson contends Blue Cross's articulated reason for her termination was pretextual because she did not violate a company policy and Blue Cross lacked evidence of such a violation.[1] After review,[2] we affirm the district court.

Title VII's anti-retaliation provision makes it unlawful for an employer to discriminate against an employee "because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter. 42 U.S.C. § 2000e-3(a). The framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792

---

[1] The district court granted summary judgment in Blue Cross's favor on Hudson's other claim of racial discrimination. Because Hudson does not challenge this decision on appeal, any claim in this respect is deemed abandoned. *See Carmichael v. Kellogg, Brown, & Root Servs., Inc.*, 572 F.3d 1271, 1293 (11th Cir. 2009) (stating issues not briefed on appeal are deemed abandoned), *cert. denied*, 130 S. Ct. 3499 (2010).

[2] We review a district court order granting summary judgment *de novo*, viewing all of the facts in the record in the light most favorable to the non-moving party. *Brooks v. County Comm'n of Jefferson County, Ala.*, 446 F.3d 1160, 1161-62 (11th Cir. 2006). Summary judgment is appropriate where the moving party demonstrates that no genuine issue of material fact exists, and they are entitled to judgment as a matter of law. *Id.* at 1162; Fed. R. Civ. P. 56(c).

(1973), governs the burden of proof in Title VII retaliation cases. *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1162-63 (11th Cir. 1993). If a plaintiff establishes a *prima facie* case of retaliation and the defendant proffers a legitimate reason for the employment action, the plaintiff then must tender evidence to show that the defendant's proffered reason is pretextual. *Id*. at 1163.

"[A] reason cannot be proved to be 'a pretext *for discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993) (emphasis in original). An employer's deviation from its established policies may serve as evidence of pretext. *See Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1299 (11th Cir. 2006). An asserted "work rule" violation may be pretextual when the plaintiff proffers evidence "(1) that she did not violate the cited work rule, or (2) that if she did violate the rule, other employees outside the protected class, who engaged in similar acts, were not similarly treated." *Damon v. Fleming Supermarkets of Florida*, 196 F.3d 1354, 1363 (11th Cir. 1999). Nevertheless, "[a]n employer who fires an employee under the mistaken but honest impression that the employee violated a work rule is not liable for discriminatory conduct." *Id*. at 1363 n.3; *see also Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984) (stating an employer may fire an employee for a good or bad

reason, a reason based on erroneous facts, or for no reason at all, as long as its reason is not discriminatory).  Thus, whether an employment decision was prudent or fair is irrelevant.  *Rojas v. Florida*, 285 F.3d 1339, 1342 (11th Cir. 2002); *see also Elrod v. Sears, Roebuck and Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991) (noting courts do not reexamine an employer's business judgment and that the key inquiry is "whether the employer gave an honest explanation of its behavior").  An employer has the "right to interpret its rules as it chooses, and to make determinations as it sees fit under those rules." *Nix*, 738 F.2d at 1187.

The district court did not err in granting summary judgment in Blue Cross's favor because Hudson failed to provide evidence that Blue Cross's legitimate, non-retaliatory reason for her termination was pretextual.  Although Hudson denied violating Blue Cross's audio-visual policy and asserted Blue Cross knew or should have known she did not violate the policy, the pretext inquiry centers upon the employer's beliefs, not the employee's own perceptions.  Here, Blue Cross had a good faith belief Hudson violated the policy, based on: (1) her very detailed, apparently verbatim documentation of the meeting with Barbara Hutchinson; (2) her expressed desire to record her conversations with managers before that meeting; and (3) her co-workers' accounts that she intended to, or did, record the meeting.  Further, despite being asked to, she did not give Jasmine Woods a copy

4

of her handwritten notes of the meeting in question for comparison, and never provided Blue Cross with a written statement denying she used a recorder. Despite Hudson's claim of skillful note-taking, her co-workers testified she recorded her meeting. Thus, evidence showed Blue Cross believed Hudson violated its audio-visual policy, and considered it "an intolerable offense."

Hudson further asserts Blue Cross's deviation from its own policies is evidence of pretext. Assuming, *arguendo*, Blue Cross failed to investigate her complaints of a racially hostile work environment, this deviation does not show the reason for firing Hudson was false, or the true reason was retaliatory. However, evidence showed a company official decided the hostile work environment claim was unrealistic and unsupported by specific evidence. Hudson did not present any evidence to rebut the company official's finding, except that Blue Cross has a practice to investigate every hostile work environment complaint.

To the extent Hudson contends Blue Cross further deviated from its policies—citing its decision not to terminate Crissy Garret, an African-American female who violated the same audio-visual policy—her argument fails. Blue Cross determined Garret, unlike Hudson, had a credible complaint of potential workplace violence and was unaware of the audio-visual policy. Also, a violation of Blue Cross's audio-visual policy does not necessarily result in termination.

Thus, no evidence of a pretext exists because Garret and Hudson were members of the same protected class but not similarly situated, and Blue Cross did not deviate from its policies. *See Damon*, 196 F.3d at 1363; *Nix*, 738 F2d at 1186 (stating no discriminatory intent is shown if "an employer applies a rule differently to people it believes are differently situated" (quotations omitted)).

Because Hudson did not present evidence to show Blue Cross's reason for her termination was pretext, we affirm the district court's grant of summary judgment.

**AFFIRMED.**